United States Courts
Southern District of Texas
ENTERED

MAY 14 2002

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIE STELLA BURROWS, on Behalf of Herself and All Others Similarly Situated<br>*Plaintiffs* | § § § § | CAUSE NO. H-01-2723 |
| v. | § § § | COLLECTIVE ACTION |
| AON RISK SERVICES OF TEXAS, INC, AON ENTERPRISE INSURANCE SERVICES, INC., and AON CORPORATION<br>*Defendants* | § § § § | JURY TRIAL DEMANDED |

## ORDER TOLLING STATUTE OF LIMITATIONS

Plaintiff Stella Burrows filed this collective action on behalf of herself and others similarly situated to recover alleged unpaid wages under the Fair Labor Standards Act (FLSA). Plaintiff Stella Burrows sued Aon Risk Services of Texas, Inc. (ARS), Aon Enterprise Insurance Services, Inc. (AEIS), and Aon Service Corporation (ASC). Defendants ARS and ASC have filed motions to dismiss based on various jurisdictional grounds. In response to these motions, this Court limited discovery to jurisdictional issues.

Subsequently, Plaintiffs filed a Motion to Toll the Statute of Limitations During the Pendency of Jurisdictional Motions ("the Motion"). The gravamen of Plaintiffs' Motion is that the delay in (non-jurisdictional) discovery will result in prejudice to potential plaintiffs should ARS and ASC's jurisdictional motions be determined to be without merit. Having considered the Motion, any response, and any arguments of counsel, the Magistrate is of the opinion that the Motion should be granted for the reasons set forth below.

72

A.  *The Doctrine of Equitable Tolling*

The doctrine of equitable tolling allows a Court to suspend the statute of limitations where, under the circumstances of the case, it would be inequitable to enforce the statute of limitations. This doctrine is read into every Federal statute of limitations. *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946). Thus, the Court finds it is within its discretion to apply the doctrine of equitable tolling to cases brought under the FLSA .

B.  *The Circumstances of this Case*

Plaintiffs have brought this action against ARS, AEIS and ASC. ARS and ASC have moved to dismiss this action based on jurisdictional grounds. Defendants ARS and ASC have also moved to stay discovery pending resolution of these matters. Plaintiffs have responded to these motions, asserting that under the FLSA's expansive definition of "employer" and broad "joint employer" doctrine, ARS and ASC are properly before this Court.

In consideration for the pendency of these motions, this Court limited discovery between the parties to jurisdictional issues. (Instrument #31). However, Plaintiffs expressed concerns that a delay in discovery will likely delay the filing of their Motion for Notice to Potential Class Members. Plaintiffs assert that this delay will result in a corresponding delay of the issuance of any court approved notice to the class. Thus, Plaintiffs argue, the potential class members will be prejudiced because the statute of limitations will continue to run against potential plaintiffs. 29 U.S.C. § 256(a).

Plaintiffs further assert that this prejudice would be unfair should ARS and ASC's motions prove non- meritorious because the Defendants would benefit from the filing of unwarranted motions. The Court agrees that, under the circumstances of this case, equitable tolling is necessary to protect the rights of the potential plaintiffs. The Court agrees that, should Defendants' motions

-2-

be denied, the potential class members will have been prejudiced by the passage of time. Allowing the statute of limitations to continue to run against potential plaintiffs would, in essence, reward Defendants ARS and ASC for filing motions which ultimately proved to be non-meritorous.

This Court hereby tolls the statute of limitations for potential opt-in plaintiffs (defined as salaried employees employed in the positions of Assistant Account Managers, Account Managers, Assistant Account Executives, Account Executives, and any other similarly situated positions) for the period starting December 10, 2001 until 10 days after the resolution of the jurisdictional issues subject to Plaintiffs' prevailing on these issues.

Be entering this Order, the Court is not commenting, favorably or unfavorably, on the propriety of Plaintiffs' proposed class or the scope of same.

May 13, 2002.

THE HONORABLE N. JOHNSON
UNITED STATES MAGISTRATE